IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>      Plaintiff,<br><br> v.<br><br>LONNIE SPECTOR,<br><br>      Defendant. | CIVIL ACTION<br>NO. 15-6752 |

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 2

II. BACKGROUND ............................................................................................................... 2

III. ANALYSIS......................................................................................................................... 4

 a. Mr. Bolyaganov's Motion to Intervene Will Be Denied .............................................. 4

  i. Mr. Bolyaganov Cannot Intervene as of Right Under Federal Rule
   of Civil Procedure 24(a)(2) ...................................................................................... 5

   1. Mr. Bolyaganov Has Failed to Make a Timely Motion to Intervene................ 6

   2. Mr. Bolyaganov Has Failed to Meet the Requirements for
    Intervention as of Right Under Rule 24(a)(2) .................................................... 8

  ii. Mr. Bolyaganov Cannot Permissively Intervene Under Federal Rule
   of Civil Procedure 24(b) ........................................................................................ 11

 b. Mr. Bolyaganov's Motion to Reconsider Will Be Denied ........................................ 12

 c. Mr. Bolyaganov's Motion to Consolidate Will Be Denied ........................................ 16

IV. CONCLUSION ................................................................................................................ 19

**OPINION**

**Slomsky, J.**                                                                                                              **November 3, 2016**

## I.    INTRODUCTION

Plaintiff State Farm Fire and Casualty Company ("State Farm") brought this declaratory judgment action against Defendant Lonnie Spector to determine its rights and obligations owed to Spector under his homeowner's insurance policy with State Farm. (Doc. No. 1.) On February 19, 2016, the parties filed a Stipulation in this case agreeing that State Farm did not have a duty to defend or indemnify Lonnie Spector in a pending state tort action filed against him in the Court of Common Pleas for Philadelphia County, Pennsylvania. (Doc. No. 6.) On the same day, this Court signed the Stipulation and entered a final Order to that effect. (Doc. No. 5.)

Months later, Sardor Bolyaganov, a non-party to this case, filed two Motions (Doc Nos. 7, 10). In his first Motion (Doc. No. 7), Mr. Bolyaganov sought to intervene and asked the Court to reconsider its Order dismissing the case pursuant to the Stipulation. In his second Motion (Doc. No. 10), Mr. Bolyaganov requested that the Court consolidate this case with another case pending in this Court (Civil Action No. 16-4549). For reasons that follow, this Court will deny Mr. Bolyaganov's Motion to Intervene and for the Court to Reconsider its Order of February 19, 2016 (Doc. No. 7), and will also deny Mr. Bolyaganov's Motion for Consolidation (Doc No. 10).

## II.   BACKGROUND

On July 21, 2013 at approximately 9:30 p.m., Gregory Spector, Lonnie Spector's son, shot Sardor Bolyaganov in the back during a dispute over a cellphone. (Doc. No. 7 at 3.) Sardor Bolyaganov was paralyzed from the waist down after the incident. (Id.) Both Gregory and Lonnie Spector were convicted for their involvement in the shooting. (Id. at 11.)

At the time of the incident, both Gregory and Lonnie Spector were employed by Mr. Contractor, Inc. (Doc. No. 10 at 5.) Mr. Contractor, Inc. was insured by Westfield Insurance Company, while Lonnie Spector was personally insured under a homeowner's insurance policy issued by State Farm. (Id.)

On December 22, 2015, State Farm filed a Complaint against Lonnie Spector in this Court. (Doc. No. 1.) In its Complaint, State Farm sought a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, stating that, under the terms of its insurance contract with Lonnie Spector, it did not have a duty to defend or indemnify Lonnie Spector in the state court action captioned <u>Sardor Bolyaganov v. Mr. Contractor, Inc. and Lonnie Spector</u>, June Term, 2015, No. 04365, filed in the Court of Common Pleas for Philadelphia County, Pennsylvania ("underlying litigation"). The parties thereafter stipulated that State Farm did not have a duty to defend or indemnify Lonnie Spector in the underlying litigation. (Doc. No. 6.) On February 19, 2016, in accordance with the Stipulation, this Court entered an Order dismissing the Complaint. (Doc. No. 5.) The case was then closed for statistical purposes.

Five months after this case was closed, on June 3, 2016, Sardor Bolyaganov filed a Motion to Intervene and for the Court to Reconsider its Order of February 19, 2016. (Doc. No. 7.) He asserts that the Order should be vacated because counsel for Defendant Lonnie Spector entered into the Stipulation after having represented Lonnie Spector and Mr. Contractor, parties that supposedly have conflicting positions, in both the underlying litigation and in the declaratory judgment action, without disclosing these representations to the Court. (Doc. No. 7 at 4.) In addition, Mr. Bolyaganov contends that Federal Rule of Civil Procedure 24 allows him to intervene in this matter. (Id. at 12.)

On August 18, 2016, Westfield Insurance Company filed an action in this Court seeking a declaration of its rights and obligations under its above mentioned insurance policy. In that case, captioned as <u>Westfield Ins. Co. v. State Farm Fire and Casualty Ins. Co., et al.</u>, E.D. Pa. Civil No. 16-4549, Westfield Insurance sought a declaratory judgment against Defendants State Farm, Lonnie Spector, and Sardor Bolyaganov that Westfield Insurance does not have a duty to defend or indemnify Lonnie Spector in the underlying state court litigation. This matter is presently before the Honorable John R. Padova, a District Court Judge in this Court.

On September 8, 2016, Sardor Bolyaganov filed a Motion to Consolidate the case before Judge Padova with the case closed by this Court (Slomsky, J.). The Motion relies on Federal Rule of Civil Procedure 42, which provides that a court may consolidate two actions when the two cases "involve a common question of law or fact." (Doc. No. 10 at 2 (quoting Fed. R. Civ. P. 42).) Mr. Bolyaganov asserts that consolidation is proper because both actions arise from the same incident and involve the same parties. (<u>Id.</u>) The Court will address each Motion in turn.

## III.  ANALYSIS

Sardor Bolyaganov makes three requests in this case. (Doc. Nos. 7, 10.) First, he requests to intervene in the instant case. (Doc. No. 7.) Second, he requests that the Court reconsider its Order dated February 19, 2016 dismissing the Complaint in this case. (<u>Id.</u>) Third, he asks the Court to consolidate this case with another one pending in this Court (Padova, J.). (Doc. No. 10.) Each request is ripe for review.

### a.  Mr. Bolyaganov's Motion to Intervene Will Be Denied

Sardor Bolyaganov first asks the Court to permit him to intervene in this case. (Doc. No. 7.) Federal Rule of Civil Procedure 24 governs the right to intervene. Fed. R. Civ. P. 24. It states:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
>> (1) is given an unconditional right to intervene by a federal statute; or
>>
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
>> (1) In General. On timely motion, the court may permit anyone to intervene who:
>>
>>> (A) is given a conditional right to intervene by a federal statute; or
>>>
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> \*\*\*

Id. Under Rule 24, a person who is not a party to a suit, but who wishes to be, may move to intervene and join in someone else's lawsuit. Id. Rule 24 identifies two kinds of intervention: (1) intervention of right and (2) permissive intervention. Id. A court must allow intervention of right when required; however, it may permit or deny permissive intervention. Id. Mr. Bolyaganov argues that he should be allowed to intervene both as of right and permissively. (Doc. No. 7 at 3-4, 6.)

### i. Mr. Bolyaganov Cannot Intervene as of Right Under Federal Rule of Civil Procedure 24(a)(2)

Mr. Bolyaganov asserts that the Court must allow him to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). (Id.) As noted above, Rule 24(a) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
>> (1) is given an unconditional right to intervene by a federal statute; or

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  This Rule identifies two categories of persons who have the right to intervene.  Id.  First, a court must permit intervention by anyone who has a federal statutory right to intervene.  Fed. R. Civ. P. 24(a)(1).  Because no federal statutory right is applicable here, Rule 24(a)(1) does not provide a basis for Mr. Bolyaganov to intervene.  Second, a court must allow intervention by anyone who meets the requirements set forth in Rule 24(a)(2).

Courts frequently hold that a person seeking intervention of right under Rule 24(a)(2) must establish on timely motion: (1) a sufficient interest in the action; (2) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (3) that the existing parties to the action do not adequately represent the prospective intervenor's interest.  Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005).  "Each of these requirements must be met to intervene as of right."  Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995).  Mr. Bolyaganov asserts that he satisfies all requirements, and therefore the Court must allow him to intervene.  (Doc. No. 7 at 4-6.)

### 1. Mr. Bolyaganov Has Failed to Make a Timely Motion to Intervene

As a preliminary matter, Mr. Bolyaganov cannot intervene as of right under Rule 24(a) because he did not make a timely motion to intervene.  As an initial requirement, an individual must timely move for intervention.  See Treesdale, 419 F.3d at 220 (holding that "timely application for leave to intervene" is a preliminary requirement that must be met for a movant to successfully intervene as of right under Rule 24(a)(2)).  To determine whether the intervention request is timely, courts have listed factors worth considering: (a) the stage of the proceeding; (b) the prejudice that delay may cause the parties; and (c) the reason for the delay.  Mountain

6

Top, 72 F.3d at 369 (citing In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir. 1982)).

Regarding the stage of the proceeding, "the critical inquiry is: what proceedings of substance on the merits have occurred." Id.  In this regard, the Third Circuit held that, even though the passage of time in itself does not render the application untimely, "a motion to intervene after an entry of a decree should be denied except in extraordinary circumstances." Id. In the case In re Fine Paper Antitrust Litigation, the Third Circuit denied a motion to intervene filed after settlement and entry of judgment, reasoning that "given the late stage of these proceedings, and the nature of relief sought . . . the first factor weighs heavily" against the moving party.  695 F.2d at 500.  Regarding "the prejudice that delay may cause the parties," the Court of Appeals opined that "the interest in basic fairness to the parties and the expeditious administration of justice militates against intervention." Id.  Finally, in considering the reason for the delay, the Third Circuit also noted that the movant in In re Fine Paper Antitrust Litigation had not taken any previous steps to protect his interest and failed to offer any reason for the delay in filing the motion.  Id.

This case is factually similar to that in In re Fine Paper Antitrust Litigation. Here, Mr. Bolyaganov filed a motion to intervene months after the Court issued its Order dismissing the Complaint in light of the parties' Stipulation.  Considering the stage of this proceeding at which the Motion to Intervene was filed, this timeliness requirement under Rule 24(a)(2) is not satisfied.

Considering "the prejudice that delay may cause the parties," this Court finds that the two named parties would be heavily prejudiced by Mr. Bolyaganov's intervention months after this case was closed.  State Farm and Lonnie Spector essentially would be forced to re-litigate this

7

case, incurring additional expenses and unduly delaying a final resolution. Disturbing this case at this point would bring no advantage to the parties. Indeed, it would create further expenses and hardship.

The final factor—the reason for the delay—also supports a finding that Mr. Bolyaganov's motion was untimely. Mr. Bolyaganov has not offered any reason for filing the motion months after this case was closed. For all these reasons, Mr. Bolyaganov's motion to intervene was untimely filed. Therefore, he cannot intervene as of right under Rule 24(a)(2).

### 2. Mr. Bolyaganov Has Failed to Meet the Requirements for Intervention as of Right Under Rule 24(a)(2)

Mr. Bolyaganov also has failed to satisfy the requirements for intervention as of right under Rule 24(a)(2). As previously noted, to intervene as of right under Rule 24(a)(2), an individual must show: (1) a sufficient interest in the action; (2) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (3) that the existing parties to the action do not adequately represent the prospective intervenor's interest. Treesdale, 419 F.3d at 220. All three requirements must be met to intervene as of right. Mountain Top, 72 F.3d at 366. The movant bears the burden of establishing the right to intervene. 6 Moore's Federal Practice § 24.03[1][a] (3d ed. 2015). Mr. Bolyaganov has failed to meet this burden and therefore cannot intervene as of right.

The first requirement for obtaining intervention as of right under Rule 24(a)(2) is to show a sufficient interest in the action. Treesdale, 419 F.3d at 220. To establish a sufficient interest, a prospective intervenor must demonstrate "an interest relating to the property or transaction which is the subject of the action." Treesdale, 419 F.3d at 220 (citing Mountain Top, 72 F.3d at 366). For example, in Donaldson v. United States, the Supreme Court rejected the attempted intervention of a taxpayer who sought to contest his former employer's compliance with an

I.R.S. subpoena. 400 U.S. 517, 530-31 (1971). The Supreme Court found the taxpayer's interest wanting because he lacked a proprietary interest and had no significantly protectable interest. Id. This interest, therefore, must be direct, substantial, and legally protectable. 6 Moore's Federal Practice § 24.03[1][a] (3d ed. 2015). "An interest that is collateral to the action or contingent on the future occurrence of a sequence of events is insufficient." Id. The Third Circuit in Treesdale found that the movants in that case, who were allegedly injured due to exposure to the insured's asbestos-containing products, did not have a sufficient interest in the insured's liability policies so as to be entitled to intervene as of right in an insurance coverage declaratory action between the insured and the insurer. 419 F.3d at 219-20. The Court of Appeals explained that "a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. . . . [T]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." Id.

Treesdale stands for the proposition that an injured party is not entitled to intervene as a matter of right under Rule 24(a) in a declaratory judgment action over an insurance policy. See, e.g., Hartford Casualty Ins. Co. v. Cardenas, 292 F.R.D. 235, 240 (E.D. Pa. 2013) (concluding that Treesdale precludes intervention of an injured third party in a declaratory judgment insurance action). Here, Mr. Bolyaganov has shown no more other than his potential inability to recover in a separate lawsuit pending in state court as his reason for having an interest in the State Farm policy and an interest in this declaratory judgment action. Since the Third Circuit does not consider this type of contingent future interest to be sufficient, Mr. Bolyaganov cannot meet the first requirement to intervene.

The second requirement for obtaining intervention as of right under Rule 24(a)(2) is to show "a threat that the interest will be impaired or affected by the disposition of the underlying

action." Fed. R. Civ. P. 24(a)(2). To this end, prospective intervenors must demonstrate that "their interest might become affected or impaired, as a practical matter, by the disposition of the action in their absence." Mountain Top, 72 F.3d at 368. "[T]he court must consider not only the nature of the relief sought . . . but also the practical consequences of such a ruling. W. Goshen Sewer Auth. v. U.S.E.P.A., No. 12-5353, 2013 WL 3914481, at *5 (E.D. Pa. July 30, 2013).

Here, Mr. Bolyaganov seeks to intervene in this closed case in order to change the parties' Stipulation that State Farm does not have a duty to defend or indemnify Lonnie Spector against tort claims brought in state court. This Stipulation may possibly limit the amount of damages Mr. Bolyaganov could recover in that state tort action. Given the practical consequences that denying intervention could limit Mr. Bolyaganov's recovery in state court, this requirement may be satisfied. However, even if Mr. Bolyaganov's interests would be affected by the disposition of this case, he still does not meet all requirements for intervention.

The final requirement for intervention as of right under Rule 24(a)(2) is whether the movant's interests in the litigation are adequately represented. The United States Supreme Court has noted that this requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Mountain Top, 72 F.3d at 368 (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 (1972)). If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented." Id. Indeed, given that the burden is minimal, Mr. Bolyaganov could potentially show that his interests are not adequately represented since the other parties in this case have interests that are adverse to his interests. Therefore, this last requirement under Rule 24(a)(2) is met. Nevertheless, because all the requirements of Rule

10

24(a)(2) must be met for a party to be allowed to intervene as of right, and Mr. Bolyaganov has not done so, intervention must be denied.

### ii. Mr. Bolyaganov Cannot Permissively Intervene Under Federal Rule of Civil Procedure 24(b)

In addition to intervention as of right, Mr. Bolyaganov contends that he should be permitted to intervene under Rule 24(b), which covers permissive intervention. (Doc. No. 7 at 13.) Rule 24(b) also identifies two categories of persons who may intervene. Fed. R. Civ. P. 24(b). First, a court may permit intervention by anyone who is given a conditional right to intervene by a federal statute. Fed. R. Civ. P. 24(b)(1)(A). Again, because no federal statutory right is applicable in this case, Rule 24(b)(1)(A) does not afford Mr. Bolyaganov a basis to intervene. Second, a court may permit intervention by anyone who meets the following requirement set forth in Rule 24(b)(1)(B)—that is, the person has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B).

Granting permissive intervention is discretionary. Treesdale, 419 F.3d at 227. To satisfy Rule 24(b)(1)(B), the intervenor must show that there are common questions of law or fact between his claim or defense and the main action. Fed. R. Civ. P. 24(b)(1)(B). When considering the requirement for permissive intervention in Treesdale, the Third Circuit found that there were no common questions of law or fact between an underlying tort claim against an insured and a declaratory judgment action between the insured and his insurer. Treesdale, 419 F.3d at 228. The Third Circuit held that, "[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she cannot accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries." Id. Similar to intervention of right, Treesdale instructs this Court that a contingent financial interest in a declaratory judgment action is

insufficient to show common questions of law or fact with the underlying tort litigation to support a claim for permissive intervention. Id. See also Nationwide Mut. Ins. Co. v. Alston, No. 07-606, 2008 WL 495736, at *3-4 (E.D. Pa. Feb. 25, 2008).

This case is similar to that explained in Treesdale: the Movant seeks to intervene in a declaratory judgment action between the insurer and the insured, claiming that there are common questions of law and fact between this case and the underlying litigation, in which he is raising a tort claim to determine Defendant Spector's liability for his injuries. But this case involved the parties' intention to have the Court establish their rights and obligations resulting from an insurance contract. Mr. Bolyaganov has no direct interest in participating in this case. Rather, he only has a contingent financial interest in its outcome. This seeming connection, as the Third Circuit explained in Treesdale, is insufficient to show that there are "common questions of law or fact between the coverage dispute and actions to determine liability for injuries." Treesdale, 419 F.3d at 228. Moreover, the cause of action in this case—seeking a declaratory judgment on rights and obligations under an insurance contract—is different from the tort claim where Mr. Bolyaganov seeks to establish Mr. Spector's liability for the injuries caused, and where State Farm is not a party.

Thus, Mr. Bolyaganov cannot permissively intervene because he has failed to establish that common questions of law and fact exist between this case and the underlying tort litigation. And since Mr. Bolyaganov failed to show he meets the requirements for either intervention as of right or for permissive intervention, he cannot intervene in this case. Therefore, his Motion to Intervene (Doc. No. 7) will be denied.

### b.    Mr. Bolyaganov's Motion to Reconsider Will Be Denied

Mr. Bolyaganov also filed a Motion to Reconsider (Doc. No. 7.), asking the Court to vacate its Order dated February 19, 2016 dismissing this action. (Id.) As mentioned above, the

case was closed on February 19, 2016 in accordance with a Stipulation of the parties. The Stipulation stated that the parties agreed State Farm does not have a duty to defend or indemnify Lonnie Spector in the action captioned <u>Sardor Bolyaganov v. Mr. Contractor, Inc. and Lonnie Spector</u>, June Term, 2015, No. 04365, currently pending in the Court of Common Pleas for Philadelphia County, Pennsylvania. (Doc. No. 6.) Mr. Bolyaganov argues that his Motion to Reconsider should be granted under Rule 60(b)(6). (Doc. No. 7 at 4-7.)

Federal Rule of Civil Procedure 60 governs a party's ability to seek relief from a judgment or order. Fed. R. Civ. P. 60. It states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. The motion does not affect the judgment's finality or suspend its operation.
>
> This rule does not limit a court's power to:
>
> > (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

>(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
>(3) set aside a judgment for fraud on the court.
>
>The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

Id. The Rule explicitly provides that the court may relieve "a party or its legal representative from a final judgment [or] order." Id. Courts therefore limit relief under Rule 60(b) to parties in the original litigation, their legal representatives, or those in privity with the parties. Courts generally will not permit the order to be later challenged by a third party, even if that party has an interest that may be affected by the judgment. See Bridgeport Music Inc. v. Smith, 714 F.3d 932, 940-41 (11th Cir. 2013) (explaining that the general rule is the movant must be either a party or a legal representative to bring a Rule 60(b) motion, and noting that generally, non-parties lack the ability to bring such motions); but see Binker v. Commonwealth of Pa., 977 F.2d 738, 745 (3d Cir. 1992) (noting that an exception to the general rule exists for a non-party to appeal a district court's order when the non-party's interests were directly or strongly affected by the judgment).

Rule 60 sets forth five specific grounds for relief and includes a catchall provision in subsection (b)(6).[1] Rule 60(b)(6) provides that a court may grant relief from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Courts have held that this catchall provision is reserved for "extraordinary circumstances" where the moving party is faultless. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Courts conduct a case-by-case inquiry to determine if relief is appropriate under Rule 60(b)(6), balancing the need for finality of

---

[1] In his Motion to Intervene, Mr. Bolyaganov does not allege that the reasons for relief under Rule 60(b)(1)-(5) apply to his circumstances. Because Mr. Bolyaganov does not raise subsections (b)(1)-(5) as his basis for relief from the Order dismissing the Complaint (Doc. No. 6), the Court will not address them here.

judgments and the interests of justice. Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).

To bring a successful Rule 60(b) motion for reconsideration, Mr. Bolyaganov must show that he has standing. As noted above, only parties or their legal representatives are allowed to bring Rule 60(b) motions. See Bridgeport Music Inc., 714 F.3d at 940-41. However, courts have created an exception to this general rule that allows a non-party to bring such a motion if his interests will be strongly affected by the judgment or order. See Binker, 977 F.2d at 745-47. Mr. Bolyaganov is a non-party to the original case between State Farm and Lonnie Spector. He asserts an interest in the case because his ability to recover from Lonnie Spector in the underlying tort litigation may be limited by the parties' Stipulation here.

Even if Mr. Bolyaganov has standing to bring the Rule 60(b) motion for reconsideration, he must also demonstrate "extraordinary circumstances" that would warrant the Court's decision to reconsider its Order. Budget Blinds, Inc., 536 F.3d at 255. "Extraordinary circumstances" are shown when an "extreme" and "unexpected" hardship could result in the absence of relief from the judgment. Id. Here, the facts show that the parties entered into a proper stipulation, which was approved by this Court. The named parties are allowed to bind themselves to this agreement, which they properly did. In contrast, Mr. Bolyaganov has not shown any extreme and unexpected hardship if the Order is maintained. His assertions that his recovery in the underlying tort litigation will be affected, taken alone, does not constitute an "extreme" or "unexpected" hardship. Therefore, Mr. Bolyaganov's Motion to Reconsider (Doc. No. 7) will be denied.[2]

---

[2] In his Motion to Reconsider, Mr. Bolyaganov briefly mentions subsection "(d)" of Rule 60 as a basis for relief. (Doc. No. 7 at 4.) However, there is no Rule 60(d). Rather, Mr. Bolyaganov refers to the hanging paragraph in Rule 60, which provides as follows:

15

### c. Mr. Bolyaganov's Motion to Consolidate Will Be Denied

In his Motion to Consolidate, Mr. Bolyaganov asks the Court to consolidate this action with the matter of Westfield Ins. Co. v. State Farm, et al., No. 16-4549 (Padova, J.), because both arise from the same incident and involve many of the same parties. (Id.) Federal Rule of Civil

> This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60. Mr. Bolyaganov argues that this hanging paragraph allows the Court to reconsider its Order dated February 19, 2016 to "set aside a judgment for fraud on the court." (Doc. No. 7 at 5-7 citing Fed. R. Civ. P. 60.) Mr. Bolyaganov contends that Mark Feinman, Esquire, counsel for Defendant Lonnie Spector in this action, did not apprise the Court of material information to determine whether the parties' Stipulation dismissing the Complaint was appropriate. (Doc. No. 7 at 6-7.) In particular, Mr. Bolyaganov asserts that Feinman did not inform the Court that:

> a. He is counsel for Defendant Mr. Contractor, Inc. in the underlying action;
>
> b. He represented Lonnie Spector in matters in which Mr. Contractor, Inc. was a party;
>
> c. He represented Mr. Contractor, Inc. in matters in which Lonnie Spector was a party;
>
> d. He agreed in this action, while serving as counsel for Defendant Mr. Contractor, Inc. in the underlying action that State Farm Insurance Company [sic] did not have a duty to defend or indemnify Defendant Lonnie Spector in this action.

(Id. at 7.) This argument, however, is unpersuasive. The Court need not be informed of Feinman's prior representation of Mr. Contractor, Inc., an entity that was not a party to this action. Therefore, Mr. Bolyaganov has not demonstrated why the Court should afford relief under Rule 60.

Procedure 42 governs the court's ability to consolidate two or more cases. Fed. R. Civ. P. 42(a)(2). Rule 42 states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

Id. Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42(a) of the Federal Rules of Civil Procedure as a matter of convenience and economy in judicial administration. In re Community Bank of N. Virginia, 418 F.3d 277, 298, n.12 (3d Cir. 2005). In a motion for consolidation, the moving party bears the burden of proof. McClenaghan v. Turi, No. 11-3761, 2011 WL 4346339, at *1 (E.D. Pa. Sept. 16, 2011). Whether a common question of law or fact exists is the threshold requirement for determining whether consolidation is permissible. Farahmand v. Rumsfeld, No. 02-1236, 2002 WL 31630709, at *1-2 (E.D. Pa. Nov. 20, 2002). Although the court has broad discretion in deciding whether consolidation is appropriate, it must balance the potential for prejudice, expense, or confusion against the benefits of judicial economy. Graudins v. Retro Fitness, LLC, 921 F.Supp.2d 456, 468 (E.D. Pa. 2013). "A court may deny a motion to consolidate if the common issue is not a principal one, if it will cause delay in one of the cases, or will lead to confusion or prejudice in the trial of a case." Easterday v. Federated Mut. Ins. Co., No. 14-1415, 2015 WL 1312684, at *2 (E.D. Pa. Mar. 24, 2015).

As noted, Mr. Bolyaganov requests that the Court consolidate this action with the matter of Westfield Ins. Co. v. State Farm, et al., No. 16-4549 (Padova, J.). (Doc. No. 10.) He asserts that the two actions arise from the shooting incident where he sustained life-altering injuries.

(Id. at 1.) He also contends that the parties in this case are the same named in the Westfield Ins. Co. action before Judge Padova. (Id.) In light of these similarities, Mr. Bolyaganov argues that consolidation of the two matters is appropriate. This Court disagrees.

Consolidation is not proper at this time. As the Easterday court explained, "[a]lthough both cases involve similar legal claims and facts, the distinctions between these cases are considerable enough to cancel any benefit gained by consolidation." Easterday, 2015 WL 1312684, at *5. On the one hand, this case involved a declaratory judgment which covered the obligations State Farm owed to Lonnie Spector under its homeowners' insurance policy. (Doc. No. 1.) On the other hand, the matter before Judge Padova involves more parties and matters. In that case, Westfield Insurance filed a complaint against State Farm, Lonnie Spector, and Sardor Bolyaganov, seeking a declaratory judgment that: (1) Lonnie Spector is not "insured" under Westfield Insurance's policy with Mr. Contractor because he was not acting within the scope of his employment at Mr. Contractor at the time of the shooting; (2) Westfield Insurance's policy does not cover "intended injuries;" (3) Mr. Bolyaganov has made claims for negligence that are not supported by the factual record; and (4) the State Farm policy is triggered by the underlying litigation, not the Westfield Insurance policy. Though the two cases may be similar, there are several differences, including the named parties in the action and the declaratory relief sought.

In addition to the differences in the two cases, consolidation would be inappropriate for several other reasons. First, consolidation would prejudice the parties in this case. This case has been closed for months. (Doc. No. 6.) The two named parties—State Farm and Spector—entered into a Stipulation upon which the Court issued its final Order. (Doc. Nos. 5, 6.) Disturbing this closed case would prejudice both named parties. Second, consolidation could

create confusion of the issues because the scope of the newly consolidated case might be uncertain.

## IV. CONCLUSION

In conclusion, this Court will deny Mr. Bolyaganov's Motion to Intervene and for the Court to Reconsider its Order dated February 19, 2016 dismissing the Complaint (Doc. No. 7), as well as his Motion to Consolidate (Doc. No. 10). An appropriate Order follows.